In the Matter of ROBERT JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [810 NYS2d 255]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following an investigation into allegations by a coworker that petitioner, who was participating in a temporary release program, was in possession of a gun while at work, a misbehavior report was issued against petitioner charging him with failing to comply with temporary release rules and regulations which

required that he not possess a weapon and refrain from any menacing behavior. Petitioner was found guilty of the charge following a tier III disciplinary hearing. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence supporting the determination of guilt (see Matter of Foster v Coughlin, 76 NY2d 964 [1990]; Matter of Pabon v Goord, 6 AD3d 833, 834 [2004]). We are also unpersuaded by petitioner's contention that the Hearing Officer failed to independently assess the reliability of the information received by the confidential source. Although the name of the coworker who reported the incident was not revealed, there was no in camera testimony during the hearing. Rather, the parole officer who investigated the allegation and authored the misbehavior report relayed the information provided by the coworker and the manager to whom the incident was reported, which included specifics as to the date, time and location of the incident. Notwithstanding the identity of the coworker not being revealed, the detailed information, as well as other testimony at the hearing corroborating the sequence of the events as reported, provided an independent basis for the Hearing Officer to assess the reliability and credibility of the information provided (see Matter of Salahuddin v Selsky, 293 AD2d 900 [2002], lv denied 98 NY2d 614 [2002]; Matter of Chujoi v Selsky, 272 AD2d 801 [2000], lv denied 95 NY2d 762 [2000]; see also Matter of Tusa v Goord, 287 AD2d 907, 908 [2001], appeal dismissed 98 NY2d 646 [2002]; Matter of Santiago v Hoke, 183 AD2d 978, 979 [1992], lv denied 80 NY2d 757 [1992]). We have reviewed petitioner's remaining contention that the penalty was harsh and find it to be without merit.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.