■ In the Matter of RAYMOND STOLPINSKI, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [820 NYS2d 861]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, was charged in a misbehavior report with violating the prison disciplinary rule against weapon possession after a search of his cell revealed a six-inch drywall screw attached to a handle made of tape under his bed. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding by petitioner ensued.

We confirm. The detailed misbehavior report and testimony of the authoring correction officer provide substantial evidence to support the determination of guilt (*see Matter of Hammond v Selsky*, 28 AD3d 1000, 1000 [2006]; *Matter of Bunting v Goord*, 25 AD3d 845, 846 [2006]). Petitioner's claim that the weapon was not his and had been planted raised a credibility issue that the Hearing Officer was entitled to resolve against him (*see Matter of Ameen v Selsky*, 25 AD3d 1059, 1059 [2006]). In addition, the Hearing Officer was not required to assess the reliability of the confidential information that resulted in the search inasmuch as the determination of guilt was based upon independent evidence that the weapon was discovered in an area

under petitioner's control (*see Matter of Johnson v Goord*, 27 AD3d 859, 860 [2006]; *Matter of Hemphill v Selsky*, 26 AD3d 548, 549 [2006]). Finally, although the search of petitioner's cell was conducted in his absence, it was made in accordance with Department of Correctional Services Directive No. 4910 (V) (C) (1) (formerly No. 4910 [IV] [C] [1]) since petitioner was not removed from his cell in order to facilitate the search (*see Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]). Petitioner's remaining claim that the misbehavior report did not satisfy the relevant regulatory requirements has been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.