■ In the Matter of DERRICK WILSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [850 NYS2d 272]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a search of petitioner's prison cell recovered a piece of metal flashing that appeared to have been removed from a part of the cell and was sharpened to a point at one end, he was charged in a misbehavior report with possession of a weapon, possession of an altered item and destruction of state property. At the conclusion of the ensuing tier III disciplinary hearing, petitioner was found guilty of possessing a weapon and possessing an altered item, but not guilty of destroying state property. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's assertion, the detailed misbehavior report, together with the testimony adduced at the hearing, comprise substantial evidence to support the determination of guilt (see Matter of Lewis v Goord, 43 AD3d 1259, 1259 [2007]; Matter of Fontaine v Superintendent of Southport Correctional Facility, 35 AD3d 1113, 1113-1114 [2006], appeal

*dismissed* 8 NY3d 943 [2007]). To the extent that petitioner alleged that the object in question may have been planted in his cell by someone else, a credibility issue was created for resolution by the Hearing Officer (*see Matter of Stolpinski v New York State Dept. of Correctional Servs.*, 32 AD3d 1091, 1091 [2006]). As for petitioner's contention that he was denied the right to call an inmate witness to testify at the hearing, the inmate executed a written refusal form indicating that he had no knowledge concerning the matter (*see Matter of McAllister v Goord*, 42 AD3d 765, 765 [2007]), *appeal dismissed* 9 NY3d 976 [2007]). We have examined petitioner's remaining claims and find them to be unavailing.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.