■ In the Matter of HAFANI FEWS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [863 NYS2d 836]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's prison cell recovered gang-related letters and a steel-threaded rod with tape at one end. As a result, petitioner was charged in a misbehavior report with possession of unauthorized organizational materials and possession of a weapon. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of both charges. Upon administrative appeal, that determination was affirmed with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding seeking annulment. We now confirm.

To the extent that petitioner challenges the determination of guilt as being predicated on insufficient evidence, we disagree. Petitioner pleaded guilty to possession of unauthorized organizational materials and, thus, cannot challenge the part of the determination sustaining that charge (*see Matter of Figueroa v Selsky,* 49 AD3d 1059, 1059 [2008], *lv denied* 10 NY3d 714 [2008]). As for the portion of the determination finding petitioner guilty of possession of a weapon, it is supported by substantial evidence consisting of the detailed misbehavior report and corroborating hearing testimony from the correction officers who conducted the cell search (*see Matter of Shakur v Smith,* 34 AD3d 898, 899 [2006]). Petitioner's assertion that the weapon was not his and was planted by either a correction officer or member of a rival gang created a credibility issue for resolution by the Hearing Officer (*see Matter of Stolpinski v New York State Dept. of Correctional Servs.,* 32 AD3d 1091, 1091 [2006]). Petitioner's remaining contentions have been examined and found to be unavailing.

Peters, J.P., Carpinello, Rose, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.