Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate housed at Southport Correctional Facility in Chemung County, was charged in a misbehavior report with making threats and violent conduct after allegedly advising a deputy superintendent that if any correction officers touched him he would create “the biggest breach of security Southport has ever seen.” Following a tier III hearing, during which petitioner was expelled for disruptive behavior, petitioner was found guilty of both charges. Upon administrative review, that determination was affirmed and this CPLR article 78 proceeding ensued.
*833 We confirm. The determination of guilt is supported by substantial evidence, which includes the misbehavior report and hearing testimony (see Matter of Spulka v Selsky, 36 AD3d 1183, 1184 [2007]; Matter of Johnson v Goord, 27 AD3d 859, 860 [2006]). Regarding petitioner’s claim that his words were misunderstood and not intended as a threat, this created a credibility issue to be resolved by the Hearing Officer (see Matter of Ramos v Selsky, 48 AD3d 863, 864 [2008]). We also disagree with petitioner’s assertion that he was improperly removed from the tier III hearing, as the record reveals antagonistic behavior by petitioner, including continuously raising objections and accusing the Hearing Officer of being biased against him, as well as his refusal to limit his testimony to the charges at hand (see Matter of Applewhite v Goord, 49 AD3d 1046, 1047 [2008]). Contrary to petitioner’s protestations, there is no indication in the record that the Hearing Officer was biased or that his determination flowed from any purported bias (see Matter of Kirby v Leelaire, 47 AD3d 1174, 1175 [2008]). Petitioner’s remaining contentions, including his claims that he was denied adequate employee assistance and that the misbehavior report did not provide notice of the charges against him and was retaliatory in nature, to the extent preserved for our review, are without merit.
Mercure, J.P, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.