■ In the Matter of GERALD GRIFFIN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [878 NYS2d 204]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a search of his cell, petitioner was charged in a

misbehavior report with violating the prison disciplinary rules that prohibit smuggling and possessing a weapon. At the conclusion of the ensuing tier III disciplinary hearing, petitioner was found not guilty of smuggling and guilty of possessing a weapon and a penalty was imposed. Although the penalty was modified upon administrative appeal, the finding of guilt was affirmed, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.

We confirm. Contrary to petitioner's assertion, the misbehavior report and the testimony of the authoring correction officer provide substantial evidence of petitioner's guilt (*see Matter of Lopez v Selsky*, 28 AD3d 968 [2006]). Although petitioner may not have had exclusive access to the area where the secreted utility blade was found, a reasonable inference of possession arises from the fact that the weapon, which was discovered inside the fold of a hat underneath petitioner's mattress, was located in an area within his control (*see Matter of Amadeo v Goord*, 49 AD3d 1121, 1122 [2008]; *Matter of Lopez v Selsky*, 28 AD3d at 968). To the extent that petitioner denied that the weapon was his and/or claimed that it had been planted underneath his mattress by his cellmate, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Fews v Goord*, 54 AD3d 1073, 1074 [2008]; *Matter of Wilson v Goord*, 47 AD3d 1102, 1103 [2008]). Further, "[b]ecause petitioner was not removed from his cell for the purpose of conducting the search, the applicable directive did not require his presence" (*Matter of Williams v Goord*, 270 AD2d 744, 745 [2000]; *see* Department of Correctional Services Directive No. 4910 [V] [C] [1]; *Matter of Stolpinski v New York State Dept. of Correctional Servs.*, 32 AD3d 1091, 1092 [2006]; *Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]; *Matter of Freeman v Selsky*, 270 AD2d 547 [2000]). Finally, petitioner's objections to the sufficiency of the misbehavior report are unpreserved for our review given his failure to raise these issues at the disciplinary hearing (*see Matter of Tafari v Selsky*, 41 AD3d 1117 [2007], *lv denied* 9 NY3d 809 [2007]; *Matter of Cameron v Goord*, 10 AD3d 795, 796 [2004]).

Mercure, J.P., Lahtinen, Kane, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.