■ In the Matter of ANTWAN DAVIS, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [761 NYS2d 538] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule against possessing a weapon after a six-inch-long weapon made from a piece of mirror was found in an envelope box on the floor in the back of petitioner's cell while his belongings were being packed for his transfer to the special housing unit. The fact that the weapon was found within petitioner's cell gives rise to a reasonable inference that the weapon belonged to him (*see Matter of Rocha v Goord*, 284 AD2d 759 [2001]). This inference, together with the misbehavior report and testimony of the correction officer who authored it, provide substantial evidence to support the determination of guilt (*see Matter of Steward v Selsky*, 266 AD2d 605 [1999]). Petitioner's assertion that other inmates had access to his cell and could have planted the weapon raised a credibility issue for resolution by the Hearing Officer (*see Matter of Nijman v Goord*, 294 AD2d 737 [2002]). To that end, the reporting officer testified that when he arrived at petitioner's cell, he had to motion for the cell to be opened and the box containing the weapon was between the toilet and the locker neatly in with everything else in the back of petitioner's cell.

Contrary to petitioner's assertion, the Hearing Officer was not required to personally interview the inmate witness who signed a witness refusal form and indicated that he did not want to get involved. The Hearing Officer sufficiently inquired about the facts surrounding the inmate's refusal to testify through the correction officer (*see Matter of Matos v Goord*, 293 AD2d 855 [2002]; *Matter of Boyd v Coughlin*, 220 AD2d 913 [1995]). Petitioner's remaining contentions, including that he was denied the right to observe the search of his cell and his claim of hearing officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.