■ In the Matter of KOURIOCKEIN VANN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services,

Respondent. [764 NYS2d 219] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from possessing weapons based upon the discovery of a pointed piece of glass, approximately $3^{1}/_{2}$ inches long and $1^{3}/_{4}$ inches wide, between the mattresses in his cell. Substantial evidence supporting the determination of petitioner's guilt was presented at his disciplinary hearing in the form of the misbehavior report, the testimony of the reporting correction officer whose search of petitioner's cell revealed the piece of glass and the testimony of a second officer who helped to conduct the search (see Matter of Lynch v Goord, 285 AD2d 878, 879 [2001]; Matter of Rocha v Goord, 284 AD2d 759, 760 [2001]). This information was supported by the testimony of a correction sergeant who related that a window in petitioner's cell had been broken approximately two days before the piece of glass was found.

Petitioner's exculpatory testimony, in which he asserted that he had been "set up" by gang members who had hidden the glass in his cell in retaliation for his refusal to bring contraband into the facility upon his return to his cell from family reunion program visits, raised an issue of credibility for resolution by the Hearing Officer (see Matter of Lopez v Selsky, 300 AD2d 975 [2002]). Petitioner's assertion that he had no knowledge of the concealed weapon was not sufficient to overcome the inference of possession that attaches when a weapon is found on premises which are under an inmate's control (see Matter of Cabral v Great Meadow Correctional Facility, 261 AD2d 746 [1999], appeal dismissed 94 NY2d 781 [1999]). The remaining contentions raised herein, including petitioner's allegations of hearing officer bias and the excessive nature of the penalty imposed, have been examined and, to the extent that they have been preserved for our review, found to be unpersuasive.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.