■ In the Matter of JOHN O. CUMMINGS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [781 NYS2d 708]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's cell was ordered after an anonymous note was received by a correction sergeant claiming that petitioner had a weapon secreted under his locker. During the search, a 5$1/4$-inch piece of sharpened metal, which appeared to be a dust broom handle, was discovered under petitioner's large locker. Petitioner was thereafter charged in a misbehavior report with possessing a weapon, possessing an altered item and damaging state property. A tier III disciplinary hearing was held at which petitioner was found guilty of all charges. The determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who prepared it and the correction sergeant who received the anonymous note, provide substantial evidence supporting the determination of guilt (*see Matter of Vann v Goord*, 308 AD2d 611, 612 [2003]; *Matter of Folk v Goord*, 307 AD2d 500, 501 [2003]). "Although other inmates had access to petitioner's locker, a reasonable inference of possession arises when contraband is found in an area within an inmate's control" (*Matter of Alston v Goord*, 4 AD3d 708, 709 [2004] [citation omitted]; *see Matter of Shackleford v Goord*, 3 AD3d 622, 623 [2004]). Petitioner's contention that the weapon must have been planted under his locker by someone presented a credibility issue for the Hearing Officer to resolve (*see Matter of Alston v Goord, supra* at 709; *Matter of Davis v Senkowski*, 306 AD2d 778 [2003]). Petitioner's remaining claims are unpreserved due to his failure to raise them at the hearing or on administrative appeal and, in any event, are unavailing.

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.