In the Matter of GILBERT AMADEO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [853 NYS2d 754]—

In response to confidential information received from two separate sources, petitioner's cube was packed up and frisked, during the course of which a correction officer found two sharpened pieces of metal secreted in the leg of a chair determined to belong to petitioner. As a result, petitioner was charged with, insofar as is relevant to this proceeding, possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of the weapon charge and a penalty was imposed. Although the penalty was modified upon administrative appeal, the underlying determination was otherwise affirmed. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's assertion, the misbehavior report, together with the testimony of the correction officer who packed up and frisked petitioner's cube and the correction sergeant who received the detailed and credible confidential information, as well as the confidential information itself, provide

substantial evidence of petitioner's guilt (*see Matter of Cummings v Goord*, 10 AD3d 748, 749 [2004]). Although petitioner's access to the chair may not have been exclusive, a reasonable inference of possession arises from the fact that the weapon was discovered in petitioner's cube and, hence, in an area within petitioner's control (*see Matter of Parrilla v Selsky*, 32 AD3d 1086, 1087 [2006], *lv denied* 8 NY3d 803 [2007]; *Matter of Cummings v Goord*, 10 AD3d at 749). Petitioner's remaining contentions, including his assertions that his prehearing confinement deprived him of due process and that the penalty imposed was unduly harsh, have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.