■ In the Matter of DAVID ALACHE, Petitioner, v BRIAN M. FISCHER, as Commissioner of Corrections and Community Supervison, Respondent. [937 NYS2d 458]—

We confirm. Substantial evidence, consisting of the misbehavior report and related documentation, as well as the testimony of the correction officer who conducted the search and secured the weapon, supports the determination of guilt (*see Matter of Hamilton v Fischer*, 84 AD3d 1614 [2011]; *Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]). While petitioner maintained that disgruntled inmates who were displeased with his enforcement of alcohol and substance abuse treatment rules planted the weapon in his unlocked locker while he was at work, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hamilton v Fischer*, 84 AD3d at 1614; *Matter of Wade v Artus*, 59 AD3d 793, 794 [2009], *appeal dismissed* 12 NY3d 872 [2009]). Notably, even though other inmates may have had access to petitioner's locker, a reasonable inference of possession arises by virtue of the fact that the weapon was found in an area within petitioner's control (*see Matter of Sweet v Poole*, 48 AD3d 867, 868 [2008]; *Matter of Cummings v Goord*, 10 AD3d 748, 749 [2004]). Furthermore, we find no merit to petitioner's claim that the chain of custody of the weapon was not properly established inasmuch as the correction officer who secured and photographed the weapon explained that the discrepancy in information contained in the misbehavior report and the contraband/evidence photograph card was attributable to a mistake made by the sergeant who filled out the card (*see Matter of McGowan v Fischer*, 88 AD3d 1038, 1039 [2011]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Mercure, A.P.J., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.