*1016 Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 21, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
Petitioner’s cell was searched on two different dates and a number of items were recovered. As a result, two misbehavior reports were prepared charging petitioner with various prison disciplinary rule violations. A tier III disciplinary hearing was conducted with respect to the charges contained in the first report and petitioner was found guilty of gambling and possessing contraband. This determination was affirmed on administrative appeal. A tier II disciplinary hearing was conducted with respect to the charges contained in the second report and petitioner was found guilty of possessing an altered item, possessing property in an unauthorized area and possessing contraband. This determination was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations. Respondents moved to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion, resulting in this appeal.
Petitioner challenges the legality of the cell searches, arguing that he was impermissibly excluded from the area where he could observe the searches in violation of Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1). Upon reviewing the record in both disciplinary proceedings, we agree with respondents and Supreme Court that petitioner failed to preserve this claim by raising an appropriate objection during the course of the disciplinary hearings (see Matter of McKethan v Selsky, 300 AD2d 714, 715 [2002]). The circumstances surrounding petitioner’s removal from his cell, including the duration and extent to which he observed either of the searches, is not clear from the face of the record in either of the disciplinary proceedings (compare Matter of Morales v Fischer, 89 AD3d 1346 [2011]). Nor is it evident that petitioner intended to raise this issue as a defense to the disciplinary determinations. Inasmuch as this Court is without discretionary authority to address issues that have not been properly preserved (see Matter of Hamilton v Goord, 32 AD3d 642, 643 [2006], lv denied 7 NY3d 715 [2006]), we decline to reach the merits of petitioner’s claim.
Peters, PJ., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.