■ In the Matter of JAMES FISHER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [963 NYS2d 606]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

During a search of petitioner's cube, which he did not share with other inmates, a correction officer found a homemade shank taped to the underside of petitioner's bed. As a result, he was charged in a misbehavior report with possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officer who authorized the search, provide substantial evidence supporting the determination of guilt (see Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]; Matter of Hamilton v Fischer, 84 AD3d 1614 [2011]). A reasonable inference of possession arises by virtue of the fact that the weapon was found in an area within petitioner's control even though he did not have exclusive access to his cube (see Matter of Rogers v Bezio, 67 AD3d 1100, 1101 [2009]; Matter of Griffin v Selsky, 60 AD3d 1247, 1248 [2009]). While petitioner denied that the weapon was his and maintained that it had been planted in his cube, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Rogers v Bezio, 67 AD3d at 1101; Matter of Muller v Fischer, 62 AD3d 1191, 1191 [2009]). In addition, we find no merit to petitioner's claim that the Hearing Officer failed to independently verify the credibility of the information contained in the anonymous notes leading to the search given that the determination of guilt was not based upon the contents of the notes, but rather upon the results of the search (see Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]; Matter of Nimmons v Fischer, 68 AD3d 1311 [2009]). Furthermore, upon reviewing the record, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Jackson v Fischer, 98 AD3d 766, 767-768 [2012]; Matter of Sweet v Poole, 48 AD3d 867, 868 [2008]). We have considered petitioner's many remaining claims and find them either unpreserved for our review or lacking in merit.

Peters, P.J., Rose, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.