■ In the Matter of DWAYNE BETHUNE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [968 NYS2d 813]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with smuggling, possessing an altered authorized item and possession of an authorized item in an unauthorized area. According to the report, petitioner, while assigned to a "Lawns and Grounds crew," used a hidden "altered radio and an altered cassette player to record bootleg tapes of music from the radio" onto cassette tapes which he then smuggled back into the facility. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative review and petitioner commenced this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's argument, "[t]he misbehavior report, hearing testimony and confidential information provide substantial evidence to support the determination of guilt" (*Matter of Carrero v Fischer*, 106 AD3d 1299, 1299 [2013]; *see Matter of Jamison v State of N.Y. Dept. of Corr. Servs.*, 98 AD3d 1150, 1150 [2012]). Significantly, the hearsay confidential information was "sufficiently detailed for the Hearing Officer to make an independent assessment" as to its reliability (*Matter of Debose v Selsky*, 12 AD3d 1003, 1004 [2004]; *see Matter of Brown v Fischer*, 91 AD3d 1336, 1337 [2012]). As for petitioner's denial of the charges and identification of claimed inconsistencies in the witness statements and testimony, these circumstances presented credibility issues for the Hearing Officer to resolve (*see Matter of Jackson v Fischer*, 98 AD3d 766, 767 [2012]; *Matter of McFarlane v Fischer*, 65 AD3d 769, 771 [2009]).

Petitioner's numerous remaining claims of procedural error and due process violations have been reviewed and found to be without merit.

Rose, J.P., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.