Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After petitioner, a prison inmate, was observed on facility video surveillance attempting to place something in his rectum during a visit, he was placed on a contraband watch. That night, a clear plastic wrapping containing a substance that was later determined to be marihuana was discovered in petitioner’s feces, and a misbehavior report was issued charging petitioner with smuggling and possession of marihuana. The following morning, two more clear plastic wrappings containing what was later determined to be marihuana were discovered in petitioner’s feces, and a second misbehavior report charging petitioner with smuggling and possession of marihuana was issued. The two reports were combined for a joint tier III disciplinary hearing, after which petitioner was found guilty of one charge of smuggling and two charges of possession of marihuana. The determination was upheld on administrative appeal with a reduction in the penalty. Petitioner thereafter commenced this CPLR article 78 proceeding.
Turning first to petitioner’s contention that the charges of possession of marihuana constituted a violation of double jeopardy principles, we note that, while there was a single act of smuggling, marihuana was discovered to be in petitioner’s possession on two separate occasions, by different correction officers upon different dates and times. Accordingly, we find no error in the issuance of two misbehavior reports, each containing a charge of possession of marihuana (see Matter of Austin v Venettozzi, 97 AD3d 867, 867-868 [2012]).
Next, we find that the misbehavior reports, positive test *1046 results, unusual incident report and testimony of the correction officers who collected and tested the material recovered from petitioner’s feces provide substantial evidence to support the determination of guilt (see Matter of Faraldo v Bezio, 93 AD3d 1007, 1008 [2012]; Matter of White v Fischer, 85 AD3d 1483, 1483 [2011]). Contrary to petitioner’s claims, the misbehavior reports were adequate in that they provided sufficient information to inform petitioner of the charges and enable him to prepare a defense (see Matter of Harrison v Fischer, 104 AD3d 1032, 1033 [2013]). We have considered petitioner’s remaining contentions, including the severity of the modified penalty, and find them to be without merit.
Peters, EJ., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.