■ In the Matter of FRANCISCO SAGARDIA, Petitioner, v P. CHAPPIUS JR., as Superintendent of Elmira Correctional Facility, et al., Respondents. [975 NYS2d 699]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Elmira Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with smuggling after a nurse observed him pretend to swallow his medication and begin to walk away with the medication in the bottom of his juice cup. When the nurse questioned petitioner as to what was in his cup, petitioner quickly brought the cup back up to his mouth and swallowed the medication. Following a tier II disciplinary hearing, petitioner was found guilty as charged, and this determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Initially, inasmuch as a substantial evidence question was raised in the petition and there were no "other objections as could terminate the proceeding . . . without reaching the substantial evidence issue" (CPLR 7804 [g]), this proceeding was properly transferred to this Court (*see Matter of Abreu v Bezio*, 78 AD3d 1341, 1341 [2010]). Turning to the merits, the misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (*see Matter of Cruz v Walsh*, 87 AD3d 1234, 1234-1235 [2011]; *Matter of English v Fischer*, 55 AD3d 1206, 1206 [2008]). Contrary to petitioner's contention, the Hearing Officer could reasonably infer from the evidence that petitioner intended to take the medication out of the area. Moreover, petitioner's denial of the charge and identification of alleged inconsistencies in witness testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Bethune v Fischer*, 108 AD3d 966, 967 [2013], *lv denied* 22 NY3d 855 [2013]). Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., Lahtinen, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.