Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
After an anonymous note indicated that a weapon could be *1220 found in petitioner’s cell, a search of his cell revealed a three-inch razor-type weapon taped to the underside of a desk. Petitioner was served with a misbehavior report charging him with possession of contraband. Following a tier III disciplinary hearing, petitioner was found guilty of that charge and the determination was affirmed administratively. He thereafter commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, the testimony of the correction officers present at the search and the supporting documentation provide substantial evidence to support the determination (see Matter of Fisher v Fischer, 105 AD3d 1286, 1286 [2013]; Matter of Shorter v Prack, 100 AD3d 1178, 1179 [2012]). Although petitioner’s access to the cell was not exclusive, a reasonable inference of possession arose by virtue of the fact that the weapon was found in an area within his control (see Matter of Fisher v Fischer, 105 AD3d at 1286; Matter of Lopez v Fischer, 91 AD3d 1223, 1224 [2012]). Petitioner’s denial that he owned the weapon and the claimed inconsistencies in the officers’ testimony raised credibility issues to be resolved by the Hearing Officer (see Matter of Bethune v Fischer, 108 AD3d 966, 967 [2013], lv denied 22 NY3d 855 [2013]; Matter of Glod v Fischer, 98 AD3d 1173, 1174 [2012]). Additionally, there was no requirement that the Hearing Officer independently assess the veracity of the anonymous note that led to the search, inasmuch as the determination of guilt was based on the contraband discovered, rather than the contents of the note itself (see Matter of Fisher v Fischer, 105 AD3d at 1286; Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]).
Lastly, we reject petitioner’s contention that he was denied his right to call a witness, i.e., a third unnamed correction officer he alleges was involved in the search. Both officers present at the search and the commanding officer denied that another officer participated, the relevant log book entry revealed no third officer on duty, and a fellow inmate, who petitioner claimed could verify the officer’s presence, refused to testify. Under the circumstances, the Hearing Officer made reasonable efforts to identify and locate petitioner’s requested witness (see Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]; Matter of Jones v Bellamy, 80 AD3d 1029, 1030 [2011]). Petitioner’s remaining arguments have been considered and have been found to be unavailing.
Peters, PJ., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.