■ In the Matter of Cijntje Cox, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [979 NYS2d 862]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a map of the correctional facility and a possible escape plan was discovered inside an inmate's cell, the Superintendent ordered an overall facility frisk. In accordance therewith, correction officers proceeded to search the cell that petitioner shared with another inmate. While one of the officers was examining clothing found on the bottom bunk that belonged to petitioner, a homemade cutting weapon fell to the floor. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officer who searched petitioner's bunk and retrieved the weapon, provide substantial evidence supporting the determination of guilt (*see Matter of Gressler v Fischer*, 108 AD3d 895, 896 [2013]; *Matter of Alache v Fischer*, 91 AD3d 1240, 1241 [2012]). Contrary to petitioner's claim, the reasonable inference of possession arises by virtue of his control over the area in question even though it was not exclusive and he shared his cell with another inmate (*see Matter of Fong v Goord*, 36 AD3d 1099, 1100 [2007]; *see also Matter of Hamilton v Fischer*, 84 AD3d 1614 [2011]; *Matter of Rogers v Bezio*, 67 AD3d 1100, 1101 [2009]). Petitioner's testimony that the weapon did not belong to him presented a credibility issue for the Hearing Officer to resolve (*see Matter of Fisher v Fischer*, 105 AD3d 1286, 1286 [2013]; *Matter of Rodriguez v Fischer*, 101 AD3d 1294, 1295 [2012]). Furthermore, we find no merit to petitioner's claim that he was denied an important videotape of the search taken inside his cell given that such evidence did not exist (*see Matter of Spears v Fischer*, 103 AD3d 1135, 1136 [2013]; *Matter of Davis v Prack*, 90 AD3d 1447, 1448 [2011]). Petitioner's remaining contentions, to the extent that they have been preserved for our review, have been considered and found to be unpersuasive.

Peters, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.