■ In the Matter of CARL MACEDONIO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [983 NYS2d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

During a random search of petitioner's cell, a number of items of contraband were found including, among other things, a heavy duty copper staple, a portion of a paperclip and 102 greeting cards that were marked for sale. As a result, petitioner was charged in a misbehavior report with possessing contraband, soliciting goods without the superintendent's approval, engaging in an unauthorized exchange and possessing another inmate's crime information. Following a tier II disciplinary hearing, he was found guilty of all of the charges except for the last one. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondents concede that the part of the determination finding petitioner guilty of soliciting goods without the superintendent's approval is not supported by substantial evidence and must be annulled. Based upon our review of the record, we agree. Inasmuch as petitioner has already served the penalty and a loss of good time was not imposed, the matter need not be remitted for a redetermination of the penalty (*see Matter of Jiminez v Prack*, 107 AD3d 1266, 1267 [2013]; *Matter of Nieves v Venettozzi*, 102 AD3d 1027, 1027 [2013], *lv denied* 21 NY3d 852 [2013]).

That part of the determination finding petitioner guilty of possessing contraband and engaging in an unauthorized exchange is, however, supported by substantial evidence consisting of the misbehavior report and the hearing testimony (*see Matter of Brooks v Unger*, 110 AD3d 1122, 1122 [2013]; *Matter of Berkoviz v Lee*, 102 AD3d 866, 867 [2013]). Moreover, we find no error in the Hearing Officer's denial of documentary evidence that was irrelevant to these charges (*see Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]; *Matter of Pujals v Fischer*, 87 AD3d 767, 767 [2011]). Nor do we find anything in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Fero v*

*Prack,* 108 AD3d 1004, 1005 [2013]; *Matter of White v Fischer,* 108 AD3d 891, 892 [2013], *lv denied* 22 NY3d 853 [2013]). We have considered petitioner's remaining contentions and find them to be either unpreserved for our review or lacking in merit.

Peters, P.J., Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of soliciting goods without the superintendent's approval; petition granted to that extent and respondent Superintendent of Shawangunk Correctional Facility is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.