■ In the Matter of WILLIS WHITE, Petitioner, v STATE OF NEW YORK et al., Respondents. [984 NYS2d 889]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with creating a disturbance, refusing a direct order, interfering with an employee, wasting food and failing to comply with mess hall serving and seating policies. According to the report, petitioner was observed by a facility cook with substantially more than the allowed number of slices of bread on his tray. The cook ordered him to return the excess slices and petitioner refused. After a second order to return the bread, petitioner threw the slices of bread at the cook. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Upon administrative appeal, the charges of creating a disturbance and interfering with an employee were dismissed and the penalty was modified, but the remainder of the determination was upheld. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and the hearing testimony provided substantial evidence to support the determination of guilt (see Matter of Sagardia v Chappius, 111 AD3d 1187, 1187 [2013]; Matter of Brooks v Unger, 110 AD3d 1122, 1122 [2013]). The testimony of petitioner and his inmate witnesses that he did not throw the bread presented a credibility issue for the Hearing Officer to resolve (see Matter of Watson v Fischer, 108 AD3d 1006, 1007 [2013]; Matter of Bookman v Fischer, 107 AD3d 1260, 1260 [2013]). Petitioner's claim that he was denied the right to call witnesses is not properly before us as this issue was not raised in the petition (see Matter of Greathouse v Fischer, 108 AD3d 964, 965 [2013]). Finally, petitioner challenges the denial of a request for certain documents that he made pursuant to the Freedom of Information Law (see Public Officers Law art 6). Inasmuch as there is no indication in the record that petitioner has exhausted his administrative remedies with respect thereto, despite being advised of his right to an administrative appeal of the denial, our

review of the issue is precluded (*see generally Matter of Hines v Fischer*, 101 AD3d 1204, 1205 [2012]).

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.