*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 31, 2014                    517280
_____

In the Matter of JUAN MORALES,
                    Petitioner,

        v

BRIAN FISCHER, as Commissioner          MEMORANDUM AND JUDGMENT
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:   June 9, 2014

Before:   Peters, P.J., McCarthy, Garry, Egan Jr. and Devine, JJ.

                    _____

        Juan Morales, Moravia, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Franklin County)
to review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        A correction officer witnessed petitioner fighting with
another inmate in his cell.  Petitioner ignored the officer's
initial order to stop, but complied with a second order, at which
point he and the other inmate were separated.  As a result of
this incident, petitioner was charged in a misbehavior report
with fighting, engaging in violent conduct, creating a
disturbance and refusing a direct order.  Shortly after this
incident, petitioner's cell was searched and an ice pick type
weapon was found on the top shelf of a small locker between the
pages of a book.  Petitioner was charged in a second misbehavior

report with possessing a weapon.  A tier III disciplinary hearing was conducted covering the charges contained in both misbehavior reports.  Petitioner pleaded guilty to the charges contained in the first report and not guilty to the charge contained in the second report.  He was found guilty of all of the charges and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

Petitioner challenges only that part of the determination finding him guilty of possessing a weapon as charged in the second misbehavior report.  Upon reviewing the record, we find that the misbehavior report, related documentation and testimony of the correction officer who prepared the report provide substantial evidence supporting the determination of guilt with respect to this charge (see Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]; Matter of Muller v Fischer, 62 AD3d 1191, 1191 [2009]).  Although petitioner contends that the weapon belonged to another inmate, no evidence was presented at the hearing to substantiate this claim.  We note that a reasonable inference of possession arises by virtue of petitioner's control over the area where the weapon was found notwithstanding the fact that it may not have been exclusive (see Matter of Cox v Fischer, 114 AD3d 973, 974 [2014]; Matter of Cummings v Goord, 10 AD3d 748, 749 [2004]).  Under the circumstances presented here, that inference was not refuted (compare Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]).  In view of the foregoing, the determination must be confirmed.

Peters, P.J., McCarthy, Garry, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court