■ In the Matter of CHARLES WILLIAMS, Petitioner, v ANTHONY ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [991 NYS2d 918]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with possession of a controlled substance after a cell frisk revealed a playing card that had been rolled into a tube and contained a black burnt substance that later tested positive for marihuana. Following a tier III disciplinary hearing, he was found guilty, and that determination was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, positive drug test results and testimony of the correction officer who performed the cell frisk provide substantial evidence to support the determination of guilt (*see Matter of Clark v Fischer*, 111 AD3d 1045, 1045-1046 [2013]; *Matter of Fero v Prack*, 108 AD3d 1004, 1005 [2013]). Notably, a reasonable inference of possession arose by virtue of the fact that the contraband was found inside a boot in petitioner's cell, an area within his control (*see Matter of Fisher v Fischer*, 105 AD3d 1286, 1286 [2013]; *Matter of Alache v Fischer*, 91 AD3d 1240, 1241 [2012]). Petitioner's protestations of innocence and the testimony of his inmate witness, who claimed to have been the owner of the rolled card, raised credibility issues for the Hearing Officer to resolve (*see Matter of White v State of New York*, 117 AD3d 1250, 1250 [2014]; *Matter of Basbus v Prack*, 112 AD3d 1088, 1089 [2013]).

With regard to petitioner's claim that he was denied certain documents, the record demonstrates that he received the drug test results, he stated unequivocally that he was not requesting the unusual incident report and the documents pertaining to his urinalysis test were irrelevant to the question of his guilt with regard to the possession of a controlled substance (*see Matter of Macedonio v Fischer*, 116 AD3d 1313, 1313 [2014]; *Matter of Toliver v New York State Commr. of Corr. & Community Supervision*, 114 AD3d 987, 987 [2014]). Petitioner's remaining claims have been examined and found to be either unpreserved or without merit.

Stein, J.P., Rose, Egan Jr., Lynch and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.