*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014                518213
_____

In the Matter of CHARLES
    WILLIAMS,
                        Petitioner,

            v                                   MEMORANDUM AND JUDGMENT

ANTHONY ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,

                        Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Stein, J.P., Rose, Egan Jr., Lynch and Devine, JJ.

_____

        Charles Williams, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Clinton County)
to review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        Petitioner, a prison inmate, was charged in a misbehavior
report with possession of a controlled substance after a cell
frisk revealed a playing card that had been rolled into a tube
and contained a black burnt substance that later tested positive
for marihuana.  Following a tier III disciplinary hearing, he was
found guilty, and that determination was affirmed upon
administrative appeal.  Petitioner thereafter commenced this CPLR
article 78 proceeding.

We confirm.  The detailed misbehavior report, positive drug test results and testimony of the correction officer who performed the cell frisk provide substantial evidence to support the determination of guilt (see Matter of Clark v Fischer, 111 AD3d 1045, 1045-1046 [2013]; Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]).  Notably, a reasonable inference of possession arose by virtue of the fact that the contraband was found inside a boot in petitioner's cell, an area within his control (see Matter of Fisher v Fischer, 105 AD3d 1286, 1286 [2013]; Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]).  Petitioner's protestations of innocence and the testimony of his inmate witness, who claimed to have been the owner of the rolled card, raised credibility issues for the Hearing Officer to resolve (see Matter of White v State, 117 AD3d 1250, 1250 [2014]; Matter of Basbus v Prack, 112 AD3d 1088, 1089 [2013]).

With regard to petitioner's claim that he was denied certain documents, the record demonstrates that he received the drug test results, he stated unequivocally that he was not requesting the unusual incident report and the documents pertaining to his urinalysis test were irrelevant to the question of his guilt with regard to the possession of a controlled substance (see Matter of Macedonio v Fischer, 116 AD3d 1313, 1313 [2014]; Matter of Toliver v New York State Commr. of Corr. & Community Supervision, 114 AD3d 987, 987 [2014]).  Petitioner's remaining claims have been examined and found to be either unpreserved or without merit.

Stein, J.P., Rose, Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court