## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 6, 2014                518521

_____

In the Matter of EDWIN GARCIA,
                    Petitioner,

    v                                    MEMORANDUM AND JUDGMENT

LIEUTENANT GARNER, as Hearing
    Officer, et al.,
                    Respondents.

_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Egan Jr.

_____

        Edwin Garcia, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Superintendent of Shawangunk
Correctional Facility which found petitioner guilty of violating
certain prison disciplinary rules.

        Contraband and altered items were found during a random
search of petitioner's cell.  Petitioner was accordingly charged
in a misbehavior report with possessing contraband, possessing
altered items and possessing an authorized item in an
unauthorized area.  He was found guilty as charged following a
tier II disciplinary hearing, and that determination was affirmed
on administrative appeal.  This CPLR article 78 proceeding
ensued.

        Respondents initially concede, and we agree, that the
finding of guilt with regard to the charge of possessing an

authorized item in an unauthorized area cannot stand.  However, we need not remit the matter for a redetermination of the penalty, as petitioner has already served the penalty and a loss of good time was not imposed (see Matter of Macedonio v Fischer, 116 AD3d 1313, 1313 [2014]).

Substantial evidence in the record, including the misbehavior report and petitioner's admissions at the hearing, supports the determination with regard to the other charges (see id.; Matter of Clark v Fischer, 114 AD3d 1116, 1116 [2014]). To the extent that petitioner offered a version of events at odds with that advanced in the misbehavior report, this presented credibility issues for the Hearing Officer to resolve (see Matter of Bethune v Fischer, 108 AD3d 966, 967 [2013], lv denied 22 NY3d 855 [2013]).  Petitioner was not impermissibly denied the right to observe the cell search, inasmuch as he was offered the opportunity to observe but chose to leave the area after the search was under way (see Dept of Corr & Community Supervision Directive No. 4910 [V] [C] [1]; Matter of Griffin v Selsky, 60 AD3d 1247, 1248 [2009]; Matter of Freeman v Selsky, 270 AD2d 547, 547 [2000]).  Lastly, the record does not support petitioner's claim "that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Macedonio v Fischer, 116 AD3d at 1313).  Petitioner's remaining contention has been considered and found to be without merit.

Lahtinen, J.P., Stein, McCarthy, Rose and Egan Jr., JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an authorized item in an unauthorized area; petition granted to that extent and the Superintendent of Shawangunk Correctional Facility is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court