*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 13, 2014                 518433
_____

In the Matter of WILLIAM VELEZ,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:   September 16, 2014

Before:   McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

                    _____

        William Velez, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        During a search of a single-occupant cube assigned to
petitioner, a correction officer found an eyeglass arm with an
attached nail secreted within a radiator.  Petitioner was then
charged in a misbehavior report with possessing a weapon and
possessing an altered item.  Following a tier III disciplinary
hearing, he was found guilty as charged.  The determination was
affirmed upon administrative appeal, prompting this CPLR article
78 proceeding.

We confirm. Although petitioner did not have exclusive control over his cube, a "strong inference of possession [nevertheless] arises with respect to items found" there (Matter of Fong v Goord, 36 AD3d 1099, 1100 [2007]; see Matter of Morales v Fischer, 119 AD3d 1298, 1299 [2014]). The fact that petitioner had only lived in the cube for a few months did not serve to rebut that presumption, particularly in light of proof that he had several pairs of eyeglasses and that the condition of the improvised weapon suggested that it had not been in the radiator for very long. Petitioner's contention that the weapon was not his created a credibility issue for the Hearing Officer to resolve and, inasmuch as substantial evidence supports the determination of guilt, we will not disturb it (see Matter of Cox v Fischer, 114 AD3d 973, 974 [2014]; Matter of Fong v Goord, 36 AD3d at 1100).

McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court