*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                518326
_____

In the Matter of TONY STARLING,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                    Respondent.
_____

Calendar Date:  October 21, 2014

Before:  Stein, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                    _____

        Tony Starling, Ogdensburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
possessing a weapon, possessing contraband and possessing an
article in a prohibited area after a search of his room uncovered
a bent can top fashioned with a handle under petitioner's
mattress.  Petitioner was found guilty as charged and, after
exhausting his administrative remedies, commenced this CPLR
article 78 proceeding seeking to annul the determination.

        We confirm.  The misbehavior report and supporting

documentation provide substantial evidence to support the determination of guilt (see Matter of Fragosa v Miller, 95 AD3d 1524, 1525 [2012]; Matter of Chiarappa v Fischer, 84 AD3d 1628, 1629 [2011]). Although petitioner shared his room with other inmates, a reasonable inference of possession arises by virtue of his control over the area where the weapon was found (see Matter of Cox v Fischer, 114 AD3d 973, 974 [2014], lv dismissed 24 NY3d 941 [2014]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]). Petitioner's denial that the weapon was his presented a credibility issue for the Hearing Officer to resolve (see Fisher v Fischer, 105 AD3d 1286, 1286 [2013]). Petitioner's remaining contentions are raised for the first time on appeal and, therefore, are unpreserved for our review (see Matter of Merritt v Fischer, 108 AD3d 993, 994 [2013]; Matter of Hynes v Fischer, 104 AD3d 1015, 1016 [2013]; Matter of Wigfall v Department of Corr. Servs., 100 AD3d 1211, 1213 [2012]).

Stein, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court