Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
A search of petitioner’s cell disclosed a sharpened can lid taped to the inner lip of a locker in his double bunk cell, in which he was the sole occupant. As a result, petitioner was charged in a misbehavior report with possession of a weapon. Following a tier III hearing, petitioner was found guilty of that charge, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony of its author, who conducted the cell search, provide substantial evidence to support the determination (see Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]). Petitioner was the sole *1369 occupant of the cell with presumably exclusive access to the locker and, even if his access was not exclusive, “[a] reasonable inference of possession arises by virtue of the fact that the weapon was found in an area within [his] control” (Matter of Fisher v Fischer, 105 AD3d 1286, 1286 [2013]; see Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]). Petitioner’s claims that the locker and personal items inside it did not belong to him, and that the locker had been occupied by another inmate until five days earlier, presented credibility issues for the Hearing Officer to resolve (see Matter of Aguirre v Fischer, 111 AD3d at 1220).
With regard to petitioner’s contention that the misbehavior report was defective because it was not endorsed by the officer who assisted in the search of the cell, petitioner did not demonstrate that the assisting officer had “personal knowledge of the facts” (7 NYCRR 251-3.1 [b]), petitioner did not request that the assisting officer be called as a witness and no prejudice is established by the lack of that officer’s endorsement (see Matter of Sorrentino v Fischer, 101 AD3d 1210, 1211 [2012], lv denied 20 NY3d 862 [2013]). Further, while “a Hearing Officer must consider an inmate’s mental condition in rendering a determination when the inmate’s mental state is at issue” (Matter of Siao-Pao v Selsky, 274 AD2d 698, 699 [2000], lv denied 95 NY2d 767 [2000]; see Matter of Huggins v Coughlin, 76 NY2d 904, 905 [1990]), petitioner did not raise his mental health as a defense to the charge (see Matter of Ferguson v Fischer, 107 AD3d 1272, 1273 [2013]; Matter of Joseph v LaClair, 79 AD3d 1496, 1496 [2010]), and there is no indication that his mental health was relevant to the charge. Finally, respondent’s answer was timely filed and petitioner’s remaining claims were not raised at the hearing or upon the administrative appeal and, as such, are not preserved for our review.
Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.