*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 25, 2015                    519908
_____

In the Matter of PARIS PERKINS,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   May 5, 2015

Before:   Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

                    _____

        Paris Perkins, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        A search of petitioner's cell disclosed a correction officer's "baseball style cap" that was hidden inside of a box of rice.  As a result, petitioner was charged in a misbehavior report with possession of escape items, possession of contraband, property damage or loss and possession of employee property. Following a tier III disciplinary hearing, petitioner was found guilty as charged.  The determination was affirmed upon administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, coupled with the testimony of its author who conducted the cell search, provide substantial evidence supporting the determination of guilt (see Matter of Nieves v Annucci, 123 AD3d 1368, 1368 [2014]; Matter of Matthews v Fischer, 109 AD3d 1038, 1038 [2013]). Petitioner's denial of the charges presented a credibility issue for the Hearing Officer to resolve (see Matter of Starling v New York State Dept. of Corr. & Community Supervision, 123 AD3d 1195, 1196 [2014]; Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]). Significantly, a reasonable inference of possession arose by virtue of the fact that the item was found in an area within petitioner's control (see Matter of Nieves v Annucci, 123 AD3d at 1368-1369; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court