### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 10, 2016                 522506
_____

In the Matter of DAVID MORRIS
    HILL,
                      Petitioner,

        v

DONALD VENETTOZZI, as Acting          MEMORANDUM AND JUDGMENT
    Director of Special Housing
    and Inmate Disciplinary
    Programs, et al.,

                      Respondents.
_____

Calendar Date:  September 20, 2016

Before:  McCarthy, J.P., Lynch, Rose, Devine and Aarons, JJ.

_____

        David Morris Hill, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        After correction officials received an anonymous note
disclosing that petitioner had a weapon in his cell, they
conducted a search and recovered a sharpened piece of metal that
had been fashioned into a cutting instrument inside a glove from
under petitioner's large locker.  As a result, petitioner was
charged in a misbehavior report with possessing a weapon and
possessing an altered item.  He was found guilty of the charges

following a tier III disciplinary hearing and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, related documentation and testimony of the correction sergeant who ordered the cell search provide substantial evidence supporting the determination of guilt (see Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]; Matter of Burgos v Prack, 129 AD3d 1434, 1434 [2015]).  Although petitioner challenges the reliability of the confidential information contained in the anonymous note that prompted the cell search, the note was not necessary to support the determination of guilt, which was based upon the actual discovery of the weapon (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337-1338 [2016]; Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]).  Moreover, notwithstanding petitioner's lack of exclusive access to the area where the weapon was found, the reasonable inference of possession arises by virtue of petitioner's control over this area of his cell (see Matter of Morales v Fischer, 119 AD3d 1298, 1299 [2014]; Matter of Cox v Fischer, 114 AD3d 973, 974 [2014], lv dismissed 24 NY3d 941 [2014]).  His testimony that the weapon did not belong to him presented a credibility issue for the Hearing Officer to resolve (see Matter of Cox v Fischer, 114 AD3d at 974; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]).  Furthermore, upon reviewing both the misbehavior report and the unusual incident report, we find no merit to petitioner's claim that these reports are conflicting.  We have considered petitioner's remaining contentions, to the extent that they are properly before us, and find them to be unavailing.

McCarthy, J.P., Lynch, Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court