*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 2, 2017                    523052
_____

In the Matter of JASPER
    MITCHELL,
                        Petitioner,

            v                                MEMORANDUM AND JUDGMENT

DEPARTMENT OF CORRECTIONS AND
    COMMUNITY SUPERVISION,
                        Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Jasper Mitchell, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        A search of petitioner's cell disclosed, on top of his cell locker, a partially smoked, rolled cigarette containing a green leafy substance that smelled like and tested positive for marihuana.  Petitioner was charged in a misbehavior report with drug possession.  Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was upheld on administrative appeal with a reduced penalty.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive tests result and related documentation provide substantial evidence to support the determination of guilt (see Matter of McMaster v Annucci, 138 AD3d 1289, 1289 [2016], lv denied 28 NY3d 902 [2016]; Matter of Starling v New York State Dept. of Corr. & Community Supervision, 123 AD3d 1195, 1196 [2014]). Contrary to his claim, a reasonable inference of possession arose by virtue of petitioner's control over the locker area of his cell (see Matter of Hill v Venettozzi, 144 AD3d 1295, 1296 [2016]; Matter of Perkins v Annucci, 129 AD3d 1421, 1421-1422 [2015]). Petitioner's denial that marihuana was found in his cell or that he possessed it created a credibility issue for the Hearing Officer to resolve (see Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]). To the extent that petitioner argues that he was denied the right to view or inspect the substance in question, the Hearing Officer explained that the small quantity of marihuana found was used up in the testing process and, thus, he was not improperly denied access to it (see Matter of Morgan v Goord, 10 AD3d 792, 793 [2004]). Petitioner's remaining challenges, including those regarding the search of his cell and the testing procedures, were not raised at the hearing and, accordingly, they are unpreserved for our review and may not be considered (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Redmon v Smith, 141 AD3d 1071, 1071 [2016]).

Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court