Matter of LaGrave v Venettozzi (2018 NY Slip Op 00510)





Matter of LaGrave v Venettozzi


2018 NY Slip Op 00510


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525277

[*1]In the Matter of NOVIA LaGRAVE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Novia LaGrave, Albion, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a determination finding her guilty of violating the prison disciplinary rules that prohibit possessing contraband and possessing drugs [FN1]. The charges stemmed from a search of
petitioner's cell that uncovered two bundles of a brown leafy substance wrapped in a sanitary napkin found in petitioner's locker, which substance subsequently tested positive for amphetamines. Initially, as petitioner pleaded guilty to possessing contraband, she is precluded from challenging the sufficiency of the evidence supporting that charge (see Matter of Doolittle v Kirkpatrick, 153 AD3d 1490, 1490-1491 [2017]). With regard to the remaining charge, the misbehavior report, positive test results and petitioner's testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Mitchell v Department of Corr. & Community Supervision, 147 AD3d 1135, 1136 [2017]; Matter of Miller v Annucci, [*2]131 AD3d 1304, 1305 [2015]). Petitioner's assertion that she was unaware that the tobacco contained any type of controlled substance presented a credibility issue for the Hearing Officer to resolve (see Matter of Monje v Geoghegan, 108 AD3d 957, 957 [2013]; Matter of Shorter v Prack, 100 AD3d 1178, 1179 [2012]).
Petitioner's procedural challenges, including that she was not provided with certain documentation and that the positive test results were unreliable, were not raised at the hearing and, therefore, are not preserved for our review (see Matter of Headley v Annucci, 150 AD3d 1513, 1514 [2017]; Matter of Mitchell v Department of Corr. & Community Supervision, 147 AD3d at 1136). To the extent that petitioner attempts to challenge the adequacy of the documents provided in connection with her Freedom of Information Law request for material related to the disciplinary hearing, the record does not reflect that petitioner exhausted her administrative remedies regarding that response. As such, our review of that issue is precluded (see Matter of Wilkerson v Annucci, 137 AD3d 1444, 1446 [2016]).
McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner was also charged with, but found not guilty of, smuggling and destroying state property.