Matter of Wood v Annucci (2018 NY Slip Op 00582)





Matter of Wood v Annucci


2018 NY Slip Op 00582


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

523212

[*1]In the Matter of TIMOTHY WOOD, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: December 13, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Timothy Wood, Attica, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing a weapon and destroying state property after a search of his cell uncovered a toothbrush with a state-issued razor blade attached to it that was secured inside his locker with a magnet. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The penalty imposed was subsequently modified, and the modified determination was
affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, photograph of the weapon and the hearing testimony of the correction officer who found it provide substantial evidence of petitioner's guilt (see Matter of Hill v Venettozzi, 144 AD3d 1295, 1296 [2016]; Matter of Gano v Venettozzi, 142 AD3d 1240, 1240 [2016]). Petitioner's claim that the weapon was not his, and that it must have been planted in his locker by an inmate the day of the cell search while petitioner was working at the metal shop, created a credibility issue for the Hearing Officer to resolve (see Matter of Starling v New York State Dept. of Corr. & Community Supervision, 123 AD3d 1195, [*2]1196 [2014]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]). We also note that a reasonable inference of possession arises by virtue of petitioner's control over the locker area of his cell (see Matter of Mitchell v Department of Corr. & Community Supervision, 147 AD3d 1135, 1136 [2017]; Matter of Perkins v Annucci, 129 AD3d 1421, 1421-1422 [2015]). Moreover, petitioner's due process rights were not violated by the Hearing Officer's refusal to order fingerprint and DNA analysis on the weapon, inasmuch as the mere fact that another inmate's fingerprints or DNA might have been on it would not have defeated the inference of possession established at the hearing (see Matter of Vaughn v Selsky, 276 AD2d 958, 958-959 [2000], appeal dismissed 96 NY2d 753 [2001]).
We reject petitioner's claim that he was improperly denied the right to call certain witnesses. Although petitioner, in support of his contention that the weapon was planted, requested the testimony of inmates from his cell block to establish the fact that the cell doors are open on the block at times during the day, he admitted that the requested witnesses did not have any knowledge regarding whether the cell doors were open on the date and time when he contends the weapon was planted. Inasmuch as the Hearing Officer conceded the fact that cell doors are open at certain times on petitioner's cell block, the requested testimony was properly denied as cumulative and redundant (see Matter of Thorpe v Fischer, 67 AD3d 1101, 1102 [2009]; Matter of Brown v Taylor, 62 AD3d 1230, 1231 [2009]). Finally, petitioner was not denied the opportunity to observe the cell search, insofar as he was out of his cell working in the metal shop at the time of the search (see Matter of Wallace v Annucci, 153 AD3d 1499, 1500 [2017]; Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]). Petitioner's remaining claims have been considered and found to be without merit.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.