■ In the Matter of RICHARD MALLEN, Petitioner, v HEARING OFFICER, GREAT MEADOW CORRECTIONAL FACILITY, et al., Respondents. [759 NYS2d 772] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Based upon his plea of guilty and the misbehavior report indicating that two sticks taped together with two heavy duty staples attached to it was found in his cell, petitioner was found to have violated the prison disciplinary rule that prohibits the possession of a weapon. Given his plea of guilty, petitioner is precluded from challenging the determination on substantial evidence grounds (see Matter of Pabon v Goord, 275 AD2d 824 [2000]). In any event, notwithstanding petitioner's proffered explanation that the weapon was too flimsy to hurt anyone, the regulation precludes "any item of contraband that may be classified as a weapon by description * * * or appearance" (7 NYCRR 270.2 [B] [14] [i]).

Furthermore, we reject petitioner's contention that respondent Hearing Officer's failure to produce the weapon at the hearing, despite petitioner's request, violated his due process rights. In addition to the misbehavior report which explained the weapon in detail, it was sufficient that several photographs of the weapon were produced at the hearing (see Matter of Neri v Coughlin, 140 AD2d 764 [1988]; Matter of Jones v Coughlin, 125 AD2d 883 [1986]). We find petitioner's remaining contention that the Hearing Officer erred in failing to provide him with a written explanation denying his request to view the item pursuant to 7 NYCRR 253.5 (a) to be without merit.

Cardona, P.J., Mercure, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.