■ In the Matter of BEFE REID, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 917]—

---

* Petitioner was released on bail for most of the time between the date of his arrest and the date of his conviction.

Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 6, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules which prohibit interference with an employee, refusing a direct order and inappropriate sexual behavior after the instructor in his class noticed that petitioner had his hand under his shirt tail and was masturbating. Notwithstanding petitioner's defense that the instructor had fabricated the misbehavior report in retaliation for refusing to agree to kill the instructor's husband, petitioner was found guilty of interfering with an employee and a sex offense at the conclusion of a tier III disciplinary hearing. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding claiming that his due process rights were violated by a portion of the instructor's testimony being taken out of his presence. Supreme Court dismissed the petition and this appeal ensued.

Inasmuch as the hearing transcript reveals that petitioner failed to object to a portion of the instructor's testimony being kept confidential, petitioner has failed to preserve this issue for our review (*see Matter of Campanale v Coughlin*, 214 AD2d 902, 904 [1995]). In any event, the record clearly establishes that for security reasons petitioner was properly excluded from being present for the testimony pertaining to the instructor's personal information about herself and her family (*see* 7 NYCRR 254.5; *see also Matter of Laureano v Kuhlmann*, 75 NY2d 141, 147 [1990]; *Matter of Scott v Coombe*, 228 AD2d 996, 997 [1996], *lv denied* 89 NY2d 801 [1996]). Petitioner's remaining contention that he was denied the right to call a witness was not raised in his petition and, therefore, will not be considered on this appeal (*see Matter of Berrian v Coughlin*, 222 AD2d 990, 991 [1995]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.