In the Matter of JOSEPH TINNIRELLO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [858 NYS2d 806]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was observed by a correction officer using a "bent-over can lid" to cut up onions and then attempting to hide it when the officer approached him. As a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting possession of a weapon and possession of an altered item. Petitioner pleaded guilty to possessing an altered item and, following a tier III disciplinary hearing, was found guilty of possessing a weapon. The determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Petitioner alleges that the portion of the determination finding him guilty of possession of a weapon is not supported by substantial evidence. Contrary to this allegation, however, the misbehavior report and petitioner's admission at the hearing that he did possess the can lid satisfy that standard (*see Matter of Mariani v Selsky*, 47 AD3d 1146, 1146 [2008]). We are unpersuaded by petitioner's assertion that he cannot be guilty of weapon possession because he was using the can lid to prepare food and not as a weapon. The relevant rule prohibits inmates from possessing "any item that may be classified as a weapon or dangerous instrument by description, use or appearance" (7 NYCRR 270.2 [B] [14] [i]; *see Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility*, 304 AD2d 879, 879 [2003]). Given that the prohibition against possession is not limited by the inmate's intent, "petitioner's exculpatory explanation for possessing the item does not preclude a finding that the altered item could be classified as a weapon in a prison setting" (*Matter of Diaz v Goord*, 14 AD3d 978, 979 [2005], *lv denied* 5 NY3d 701 [2005]). Petitioner's remaining contentions, including his challenge to the disciplinary rule in question as impermissibly vague, have been examined and found to be without merit.

Spain, J.P., Carpinello, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.