Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Following petitioner’s Family Reunion Program (hereinafter FRP) visit with his father and sister, it was discovered that a razor brought into the facility by petitioner’s father was missing. A frisk of the garbage bag taken from the FRP unit was then performed, whereupon the broken razor was located, as well as an empty “mini bottle” of whiskey found wrapped in a napkin and concealed inside a box of noodles. Petitioner was charged in a misbehavior report with violating the rules prohibiting the possession of alcohol and contraband. He was found guilty of those charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Substantial evidence, consisting of the misbehavior report and related confidential documentation and the hearing testimony, supports the determination of guilt (see Matter of Wigfall v Department of Corr. Servs., 100 AD3d 1211, 1212 [2012]; Matter of McGowan v Fischer, 88 AD3d 1038, 1038 [2011]). Notably, the sergeant in charge of the FRP testified that, following a visit, the garbage from each FRP unit was put into one large trash bag and sealed. It is undisputed that petitioner’s father identified the garbage bag from petitioner’s FRP unit and that is where the contraband, including the missing razor, was discovered. Although petitioner presented exculpatory testimony and argued that the whiskey bottle must have been put in the trash bag by someone else, his contentions presented credibility issues for the Hearing Officer to resolve (see Matter of Valdez v Fischer, 100 AD3d 1213, 1214 [2012]; Matter of Lopez v Fischer, 69 AD3d 1076, 1076 [2010]). As for petitioner’s claim that he was unjustifiably denied an unnamed “FRP Officer” as a witness, our review confirms that the Hearing Officer properly denied this witness as irrelevant (see Matter of Austin v Venettozzi, 97 AD3d 867, 868 [2012]).
Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.