█ In the Matter of PATRICK PROCTOR, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 246]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

During a search of petitioner's cell, a correction officer found a broken mirror with a paper handle secreted in a manila envelope. Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon (*see* 7 NYCRR 270.2 [B] [14] [i]). The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. Petitioner does not dispute that he possessed the broken mirror. Substantial evidence exists in the record, including the misbehavior report, the photograph of the item and the Hearing Officer's in-person observation of the item that was found in his cell, to support the determination that it was a weapon (*see Matter of Fuentes v Fischer*, 56 AD3d 919, 920 [2008]; *Matter of Tinnirello v Selsky*, 51 AD3d 1238, 1239 [2008]). Neither petitioner's testimony regarding his intent and exculpatory explanation of the object's purpose, nor his contention that it was too flimsy to constitute a weapon, compels a different conclusion (*see Matter of Tinnirello v Selsky*, 51 AD3d at 1239; *Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility*, 304 AD2d 879, 879 [2003]).

We reject petitioner's argument that he was denied the opportunity to introduce evidence and call witnesses. The prof-

fered evidence, which pertained to a prior disciplinary charge at another institution, was properly determined to be immaterial to this charge (*see* 7 NYCRR 254.5 [a]; *Matter of Colon v Fischer*, 98 AD3d 1176, 1177 [2012], *lv denied* 20 NY3d 857 [2013]). Moreover, while petitioner was entitled to view the requested videotape, the record reflects that the failure to preserve the videotape was attributable to an inadvertent error in processing petitioner's initial request during the transfer of this matter to a new Hearing Officer and was not the result of bad faith (*see Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]; *Matter of Ferrar v Selsky*, 1 AD3d 671, 672 [2003]; *Matter of Harris v Selsky*, 236 AD2d 723, 724 [1997]; *compare Matter of Rodriquez v Coombe*, 238 AD2d 691, 692-693 [1997]). Additionally, to the extent that petitioner alleges that he did not receive the unusual incident report, any error was harmless because it contained no exculpatory information (*see Matter of Seymour v Goord*, 24 AD3d 831, 831-832 [2005], *lv denied* 6 NY3d 711 [2006]). Finally, petitioner has not demonstrated that the determination flowed from any alleged bias against him (*see Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]).

Petitioner's remaining arguments have been considered and, to the extent they are properly before us, found to be without merit.

Rose, J.P., Stein, Spain and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.