■ In the Matter of LEON GREATHOUSE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [969 NYS2d 240]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with possessing a weapon and possessing an altered item after a toothbrush with one end sharpened to a point was discovered during a search of his cube. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the altered item charge and was ultimately found guilty of the possession of a weapon charge. The determination was affirmed on administrative review with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding solely challenging the finding of guilt as to the weapon charge.

We confirm. Contrary to petitioner's argument, substantial evidence, including the misbehavior report and petitioner's hearing testimony, supports the determination finding him guilty of possession of a weapon (*see Matter of Rodriguez v Fischer*, 101 AD3d 1294, 1295 [2012]; *Matter of Quezada v Fischer*, 85 AD3d 1462, 1462 [2011]; *Matter of Fuentes v Fischer*, 56 AD3d 919, 920 [2008]). Although petitioner maintains that the item was not sharp enough to be considered a weapon, the applicable rule prohibits inmates from possessing "any item that may be classified as a weapon . . . by description, use or appearance" (7 NYCRR 270.2 [B] [14] [i]); thus, this presented a credibility issue for resolution by the Hearing Officer, who personally examined the item at the hearing (*see Matter of Harvey v Fischer*, 94 AD3d 1303, 1303 [2012]; *Matter of Tinnirello v Selsky*, 51 AD3d 1238, 1239 [2008]; *Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility*, 304 AD2d 879, 879 [2003]).

Finally, although petitioner argues that the Hearing Officer was biased and he was denied his right to call witnesses, these issues are not properly before us inasmuch as, among other things, they were not raised in the petition (*see Matter of Pigmentel v Selsky*, 19 AD3d 816, 817 [2005]; *Matter of Reid v Goord*, 14 AD3d 950, 951 [2005]).

Rose, J.P., Stein, Spain and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.