*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                    517687
_____

In the Matter of DWIGHT SMITH,
                    Petitioner,

        v

DONALD QUINN, as Deputy                    MEMORANDUM AND JUDGMENT
    Superintendent for Security
    at Great Meadow
    Correctional Facility
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Rose, JJ.

                    _____


        Dwight Smith, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner disregarded several directives to proceed from the prison yard to the visiting room and, accordingly, was charged in an inmate misbehavior report with refusing a direct order and a movement regulation violation.  Petitioner was found guilty of the charges following a tier II disciplinary hearing, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

Although the Attorney General did not submit a complete certified hearing transcript with the answer (see CPLR 7804 [e]), he has subsequently done so.  Petitioner has since reviewed the complete certified transcript and alleges no prejudice.  Accordingly, we will disregard any procedural defect (see CPLR 2001; Matter of Cliff v Kingsley, 293 AD2d 954, 955 [2002]).

Turning to the merits, the detailed misbehavior report provides substantial evidence to support the determination of guilt (see Matter of Walker v Bezio, 96 AD3d 1268 [2012]; Matter of Joseph v LaClair, 89 AD3d 1298 [2011], lv denied 18 NY3d 809 [2012]).  The Hearing Officer was free to, and plainly did, reject the testimony of petitioner and an inmate witness that the loudspeakers in the yard were not functioning and that petitioner could not have heard the orders as a result (see Matter of Walker v Bezio, 96 AD3d at 1268).  Any error in the denial of petitioner's request for work orders related to the loudspeakers was harmless in light of the documents provided to us by petitioner himself reflecting the lack of any such orders (see Matter of Proctor v Fischer, 107 AD3d 1267, 1268 [2013], lv denied 22 NY3d 853 [2013]; Matter of Carter v Goord, 266 AD2d 623, 624 [1999]).  Petitioner's remaining contentions have been considered and determined to be without merit.

Peters, P.J., Lahtinen, Stein, Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court