## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: November 13, 2014          517398
_____

In the Matter of PAMELA SMART,
                Petitioner,

     v

                                     MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                Respondent.
_____

Calendar Date: September 16, 2014

Before: Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ.

_____

      Sophia Heller, Prisoners' Legal Services of New York, Albany, for petitioner.

      Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

      Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

      During a search of petitioner's cell, correction officers discovered a knife with an eight-inch plastic blade used for cake cutting. Petitioner accordingly was charged in a misbehavior report with possession of a weapon and possession of contraband. Following a tier III disciplinary hearing, petitioner was found not guilty of possessing contraband but guilty of possessing a weapon. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, photograph of the
knife and hearing testimony provide substantial evidence to
support the determination of guilt (see Matter of Mallen v
Hearing Officer, Great Meadow Correctional Facility, 304 AD2d
879, 879 [2003]).  Notably, "[t]he scope of conduct covered by
the standards of inmate behavior is broader than conduct subject
to criminal sanctions under the Penal Law" (People v Vasquez, 89
NY2d 521, 532 [1997], cert denied sub nom. Cordero v Lalor, 522
US 846 [1997]), and an inmate is barred by the relevant
disciplinary rule from possessing "any item that may be
classified as a weapon . . . by description, use or appearance"
(7 NYCRR 270.2 [B] [14] [i]).  Here, the Hearing Officer could
readily determine from the description and photograph of the
knife that it fell within that category (see Matter of Greathouse
v Fischer, 108 AD3d 964, 964 [2013]; Matter of Mallen v Hearing
Officer, Great Meadow Correctional Facility, 304 AD2d at 879).
The fact that petitioner had an innocuous explanation for her
possession of the item did not bar a finding that it constituted
a weapon in the prison setting (see Matter of Procter v Fischer,
107 AD3d 1267, 1267 [2013], lv denied 22 NY3d 853 [2013]; Matter
of Tinnirello v Selsky, 51 AD3d 1238, 1329 [2008]).  Petitioner's
remaining claims, to the extent that they are preserved for our
review, have been examined and found to lack merit.

        Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ., concur.


        ADJUDGED that the determination is confirmed, without
costs, and petition dismissed.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court