Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
During a search of petitioner’s cell, correction officers discovered a knife with an eight-inch plastic blade used for cake cutting. Petitioner accordingly was charged in a misbehavior report with possession of a weapon and possession of contraband. Following a tier III disciplinary hearing, petitioner was found not guilty of possessing contraband but guilty of possessing a weapon. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, photograph of the knife and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d 879, 879 [2003]). Notably, “[t]he scope of conduct covered by the standards of inmate behavior is far broader than conduct subject to criminal sanctions under the Penal Law” (People v Vasquez, 89 *1024 NY2d 521, 532 [1997], cert denied sub nom. Cordero v Lalor, 522 US 846 [1997]), and an inmate is barred by the relevant disciplinary rule from possessing “any item that may be classified as a weapon ... by description, use or appearance” (7 NYCRR 270.2 [B] [14] [i]). Here, the Hearing Officer could readily determine from the description and photograph of the knife that it fell within that category (see Matter of Greathouse v Fischer, 108 AD3d 964, 964 [2013]; Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d at 879). The fact that petitioner had an innocuous explanation for her possession of the item did not bar a finding that it constituted a weapon in the prison setting (see Matter of Proctor v Fischer, 107 AD3d 1267, 1267 [2013], lv denied 22 NY3d 853 [2013]; Matter of Tinnirello v Selsky, 51 AD3d 1238, 1239 [2008]). Petitioner’s remaining claims, to the extent that they are preserved for our review, have been examined and found to lack merit.
Peters, PJ., Rose, Egan Jr., Lynch and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.