## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 23, 2016                521780
_____

In the Matter of TRAZZ SAWYER,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Mulvey, JJ.

_____

        Trazz Sawyer, Albion, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        During a search of petitioner's cell, a correction officer found two metal rods less than four inches in length, one that was bent and the other that was melted into a plastic pen tube, concealed behind a piece of baseboard.  As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and possessing contraband.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding followed.

Initially, contrary to petitioner's claim, the hearing transcript does not reveal the presence of inaudible gaps that are so significant as to preclude meaningful review (see Matter of Coons v Fischer, 106 AD3d 1302, 1303 [2013]; Matter of Argentina v Fischer, 98 AD3d 768, 769 [2012]).  In addition, the misbehavior report was sufficiently detailed to provide petitioner with notice of the charges to enable him to prepare a defense (see Matter of Hyatt v Annucci, 125 AD3d 1025, 1026 [2015]; Matter of Maletta v Amoia, 122 AD3d 962, 963 [2014]).  Turning to the merits, the misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]).  The fact that the metal objects were found in an area within petitioner's control, even if not exclusive, supports the inference of possession (see Matter of Nieves v Annucci, 123 AD3d 1368, 1369 [2014]; Matter of Velez v Prack, 122 AD3d 1041, 1041 [2014]).  Petitioner's claims that the objects could have been planted there by an aggrieved correction officer or another inmate or may have been left behind by the prior occupant of the cell presented credibility issues for the Hearing Officer to resolve (see Matter of Tavarez v Annucci, 134 AD3d at 1375; Matter of Nieves v Annucci, 123 AD3d at 1369).  Furthermore, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]; Matter of McFadden v Prack, 120 AD3d 853, 855 [2014], lv dismissed 24 NY3d 930 [2014], lv denied 24 NY3d 908 [2014]).  We have considered petitioner's remaining contentions and find them to be unavailing.

Lahtinen, J.P., McCarthy, Rose, Lynch and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court