■ In the Matter of DANIEL WILLIAMS, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [54 NYS3d 221]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

During the application of restraints to petitioner, a correction officer observed petitioner moving an object in his mouth, prompting a pat frisk. After ordering petitioner to remove the object from his mouth, the correction officer seized two broken pieces of a mirror, with pointed edges, one of which was wrapped in toilet paper. As a result, petitioner was charged in a misbehavior report with possessing a weapon, interfering with an employee and violating movement regulation procedures. Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation, photograph of the weapon and hearing testimony provide substantial evidence of petitioner's guilt (*see Matter of Gomez v New York State Dept. of Corr. & Community Supervision*, 147 AD3d 1140, 1141 [2017]; *Matter of Tavarez v Annucci*, 134 AD3d 1374, 1375 [2015]). Petitioner's exculpatory claim that he did not sharpen or alter the broken pieces of glass does not compel a different conclusion (*see* 7 NYCRR 270.2 [B] [14] [i]; *Matter of Proctor v Fischer*, 107 AD3d 1267, 1267 [2013], *lv denied* 22 NY3d 853 [2013]; *cf. Matter of Smart v Fischer*, 122 AD3d 1023, 1024 [2014], *lv denied* 24 NY3d 916 [2015]). Petitioner's contention that the misbehavior report was the product of collusion and in retaliation for a prior grievance that he had filed pre-

sented a credibility issue for the Hearing Officer to resolve (*see e.g. Matter of Girard v Annucci*, 141 AD3d 1065, 1066 [2016], *appeal dismissed and lv denied* 29 NY3d 929 [2017]). Although it was a lieutenant and not the watch commander who "overs[aw] the deposit" of the contraband on the day in question (*see* Dept of Corr & Community Supervision Directive No. 4910A § III [C] [2] [b] [2016]), the hearing testimony and related documentation establish that the contraband was properly secured in the evidence drop box (*see Matter of Mc-Fadden v Prack*, 120 AD3d 853, 854 [2014], *lv dismissed* 24 NY3d 930 [2014], *lv denied* 24 NY3d 908 [2014]). Finally, petitioner has not demonstrated that the determination flowed from any alleged bias against him (*see Matter of Genyard v Annucci*, 136 AD3d 1091, 1092 [2016]; *Matter of Proctor v Fischer*, 107 AD3d at 1268). To the extent that petitioner's remaining arguments are properly before us, they have been considered and found to be without merit.

McCarthy, J.P., Garry, Lynch, Rose and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.