In the Matter of DAVID DAVEY, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

A random search of petitioner's property revealed a weapon in the form of a hand-made four-inch long scalpel-type blade secured into the shaft of a state-issued ballpoint pen with a sheath. As a result, petitioner was charged in a misbehavior report with possessing a weapon or dangerous instrument, possessing contraband and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, hearing testimony and documentary evidence provide substantial evidence supporting the determination of guilt (*see Matter of Sparks v Annucci*, 144 AD3d 1352, 1352-1353 [2016]; *Matter of Sawyer v Annucci*, 140 AD3d 1499, 1500 [2016]). Petitioner's exculpatory claim that the weapon found in his bag did not belong to him presented a credibility issue for the Hearing Officer to resolve (*see Matter of Nieves v Annucci*, 123 AD3d 1368, 1369 [2014]; *Matter of Giano v Prack*, 105 AD3d 1228, 1228 [2013]).

We also reject petitioner's argument that he received inadequate employee assistance, which he predicates upon the assistant's alleged failure to provide him with all of the requested documentation. To the extent that the requested documents existed and were not read or provided to petitioner, any alleged deficiencies were addressed by the Hearing Officer, who, among other things, afforded petitioner an opportunity at the hearing to examine the photograph of the weapon (*see Matter of Booker v Fischer*, 102 AD3d 1045, 1046 [2013]). Moreover, petitioner is unable to demonstrate any prejudice from any alleged deficiencies where, as here, the requested documentation did not contain any exculpatory information (*see Matter of Proctor v Fischer*, 107 AD3d 1267, 1268 [2013], *lv denied* 22 NY3d 853 [2013]; *Matter of Seymour v Goord*, 24 AD3d 831, 831-832 [2005], *lv denied* 6 NY3d 711 [2006]). Petitioner's remaining claims, to the extent they are properly before us, have been considered and found to lack merit.

McCarthy, J.P., Lynch, Clark, Rumsey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.