■ In the Matter of Frederick Clark, Petitioner, v Brandon Smith, as Superintendent of Greene Correctional Facility, Respondent. [63 NYS3d 276]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

A correction officer received an anonymous note indicating that petitioner had a shank hidden under the radiator in his cell. The officer conducted a search of petitioner's cell and found a toothbrush handle that had been sharpened on one end taped to the bottom of the radiator. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and testimony of the correction officer who conducted the search and recovered the sharpened object provide substantial evidence supporting the determination of guilt (*see Matter of Davey v Annucci*, 153 AD3d 992, 993 [2017]; *Matter of Sawyer v Annucci*, 140 AD3d 1499, 1500 [2016]). Petitioner's testimony that the misbehavior report was written in retaliation for grievances and complaints that he had filed against correction officers presented a credibility issue for the Hearing Officer to resolve (*see Matter of Williams v Venettozzi*, 150 AD3d 1501, 1501-1502 [2017]; *Matter of Marhone v Schuck*, 142 AD3d 1232, 1232 [2016]). Moreover, we reject petitioner's contention that the Hearing Officer erred by not independently assessing the reliability of the anonymous note given that the note prompted the search that led to the discovery of the weapon, but did not contain confidential information upon which the determination was based (*see Matter of Mason v Annucci*, 153 AD3d 1013, 1014 [2017]; *Matter of Shufelt v Annucci*, 138 AD3d 1336, 1337-1338 [2016]). Likewise, we find no merit to petitioner's challenge to the timeliness of the hearing inasmuch as valid extensions were obtained and the hearing was completed within the time period set forth therein (*see Matter of Jackson v Annucci*, 144 AD3d 1285, 1286 [2016], *lv denied* 29 NY3d 907 [2017]). To the extent that petitioner's remaining arguments are properly before us, they have been considered and are unpersuasive.

McCarthy, J.P., Garry, Egan Jr., Clark and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.