Matter of Maisonet v Annucci (2018 NY Slip Op 01522)





Matter of Maisonet v Annucci


2018 NY Slip Op 01522


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

524870

[*1]In the Matter of MICHAEL MAISONET, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Michael Maisonet, Auburn, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Based upon reports that petitioner had threatened another inmate with a weapon, a search of his cell was conducted and a sharpened metal shank was found concealed in his left work boot under his bed. As a result, petitioner was charged in a misbehavior report with possession of a weapon and, following a tier III disciplinary hearing, he was found guilty of this charge. That determination was upheld on administrative appeal, with a reduction in the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, testimony of the officers who conducted the search and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Clark v Smith, 155 AD3d 1232, 1233 [2017]; Matter of Davey v Annucci, 153 AD3d 992, 993 [2017]). While petitioner contends that the Hearing Officer erred in failing to independently assess the reliability of the confidential information that prompted the search of his cell, the determination of guilt was based upon the actual discovery of the weapon and, thus, the veracity of the confidential information was irrelevant (see Matter of Clark v Smith, 155 AD3d at 1233; Matter of Mason v Annucci, 153 AD3d 1013, 1014 [2017]). Petitioner was not improperly denied the right to call various witnesses, inasmuch as the Hearing Officer accepted as true his claims that he had filed a grievance and raised concerns that a weapon would be [*2]planted in his cell (see Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]; Matter of Barnes v Prack, 92 AD3d 990, 991 [2012]). Finally, contrary to petitioner's contention, the record demonstrates that the finding of guilt was premised on the evidence presented, rather than any alleged hearing officer bias (see Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207 [2017]; Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 854 [2017]). We have considered petitioner's remaining arguments and find them to be without merit.
McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.