Matter of Cain v Lee (2019 NY Slip Op 06674)





Matter of Cain v Lee


2019 NY Slip Op 06674


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528524

[*1]In the Matter of Otis Cain, Petitioner,
v
William A. Lee, as Superintendent of Eastern Correctional Facility, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Otis Cain, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner worked as an inmate porter whose duties included cleaning trailers that were used in the family reunion program. During the course of an investigation, prison officials received information that petitioner, along with two other inmates, were involved in a scheme to smuggle DVD movies from a family reunion program trailer into the correctional facility. When the trailer was searched, three DVD movies were recovered under the bed. As a result, petitioner was charged in a misbehavior report with smuggling, possessing contraband and violating family reunion program procedures. Following a tier II disciplinary hearing, he was found guilty of the first two charges, but not guilty of the last. The determination was later affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging it.
Initially, to the extent that petitioner's claim is preserved, our review of the hearing transcript reveals only minor inaudible portions that are not so significant as to preclude meaningful review (see Matter of Funches v State of New York, Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv dismissed 32 NY3d 1140 [2019]; Matter of Gomez v Fischer, 74 AD3d 1399, 1400 [2010], lv dismissed 15 NY3d 858 [2010]). Turning to the merits, the misbehavior report, related documentation and testimony of the investigator who authored the misbehavior report provide substantial evidence supporting the determination of guilt (see Matter of Cruz v Annucci, 155 AD3d 1205, 1206 [2017]; Matter of Davey v Annucci, 153 AD3d 992, 993 [2017]). Notably, the investigator testified that he interviewed petitioner after the contraband had been removed from the trailer and that a chemical that glows when exposed to ultraviolet light was placed in the area under the bed where the contraband was found. He stated that petitioner accessed the trailer after the chemical was placed there and that petitioner's arm glowed, indicating that he had tried to retrieve the contraband. According to the investigator, petitioner admitted to doing so.
Petitioner's claim that the misbehavior report was written in retaliation for his failure to provide certain information to investigators presented a credibility issue for the Hearing Officer to resolve (see Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]; Matter of Williams v Venettozzi, 150 AD3d 1501, 1501-1502 [2017]). Furthermore, although petitioner was not found to actually be in possession of the contraband, his attempt to do so is enough to find him guilty of the contraband charge (see 7 NYCRR 270.2 [B] [14] [xiii]; 270.3 [b] [1]).
Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.