Matter of Breazil v Griffin (2019 NY Slip Op 06671)





Matter of Breazil v Griffin


2019 NY Slip Op 06671


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528431

[*1]In the Matter of Terrance Breazil, Petitioner,
v
Thomas Griffin, as Superintendent of Green Haven Correctional Facility, et al., Respondents.

Calendar Date: August 30, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Terrance Breazil, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with fighting and assaulting an inmate. Petitioner was placed in mechanical restraints as a result of the alleged incident and, upon an ensuing pat-frisk, two ice pick-type weapons were allegedly found in petitioner's front pant pockets, which resulted in petitioner being charged in a second misbehavior report with possessing a weapon. Following a tier III disciplinary hearing on both misbehavior reports, petitioner was found guilty of possessing a weapon, but not guilty of the remaining two charges. The determination of guilt was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related documentation, photographic evidence and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Williams v Venettozzi, 150 AD3d 1501, 1501 [2017]; Matter of Shufelt v Annucci, 138 AD3d 1336, 1336 [2016]). Contrary to petitioner's contention, we find no error in the Hearing Officer's reliance on testimony of the area supervisor who, as noted in the misbehavior reports, was notified of the incident and took control of the weapons.
Turning to petitioner's procedural challenges, we are unpersuaded by petitioner's contention that he was denied meaningful employee assistance that prejudiced his ability to present a defense. Although petitioner objected to the lack of employee assistance and claimed that the signature on the assistance form was not his, the record reflects that the Hearing Officer provided petitioner with various requested documents and adjourned the hearing in order to permit petitioner time to review the material. We find that the Hearing Officer sufficiently remedied any alleged deficiencies in employee assistance (see Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019]; Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1519 [2017]). Despite receiving the requested documents and being provided time to review them, petitioner failed to identify any witnesses he wished to call. Further, we note that petitioner incorrectly asserts that an employee assistant's role is to investigate the incident. No such duty is imposed on the employee assistant (see 7 NYCRR 251-4.2). We have reviewed petitioner's remaining contentions, including that the hearing was not timely commenced, that the Hearing Officer was biased and that the proceeding was improperly transferred, and find them to be without merit.
Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.