Matter of Rodari v Venettozzi (2020 NY Slip Op 05111)





Matter of Rodari v Venettozzi


2020 NY Slip Op 05111


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530303

[*1]In the Matter of Sam Rodari, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 4, 2020

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


Sam Rodari, Pine City, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a suspicion-based search of petitioner's cell, a correction officer discovered on the top shelf of petitioner's locker a ceramic razor blade, with a handle and sheath made from plastic security pen caps, hidden in petitioner's belt. As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing contraband and possessing an altered item. Following a tier III disciplinary hearing, he was found guilty of the charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the hearing testimony, including the testimony of the correction officer who performed the search, provide substantial evidence supporting the determination of guilt (see Matter of Dowling v Venettozzi, 177 AD3d 1063, 1063 [2019], lv denied 35 NY3d 901 [2020]; Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]; Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]). The fact that the weapon was found in an area within petitioner's control, even if not exclusive, supports the inference of possession (see Matter of Dowling v Venettozzi, 177 AD3d at 1063-1064; Matter of Wood v Annucci, 158 AD3d 856, 857 [2018]; Matter of Gomez v New York State Dept. of Corr. & Community Supervision, 147 AD3d 1140, 1141 [2017]). The record does not reflect that the Hearing Officer relied upon any confidential information in reaching his determination, and an assessment of the credibility of the information that prompted the search was therefore not required (see Matter of Dowling v Venettozzi, 177 AD3d at 1064; Matter of Ortiz v Annucci, 160 AD3d 1192, 1193 [2018]; Matter of Gomez v New York State Dept. of Corr. & Community Supervision, 147 AD3d at 1141). Petitioner's contrary testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Harvey v Fischer, 94 AD3d 1303, 1303 [2012]; Matter of Dozier v Selsky, 54 AD3d 1074, 1075 [2008]).
Turning to petitioner's procedural contentions, petitioner's due process rights were not violated by the Hearing Officer's refusal to order a DNA analysis on the weapon and belt, inasmuch as the mere fact that another inmate's fingerprints or DNA might have been on it would not have defeated the inference of possession established at the hearing (see Matter of Wood v Annucci, 158 AD3d at 857; Matter of Vaughn v Selsky, 276 AD2d 958, 958-959 [2000], appeal dismissed 96 NY2d 753 [2001]). Further, as petitioner was in the package room when the cell search was conducted, he was not improperly denied the opportunity to observe the cell search in violation of Department of Corrections and Community Supervision Directive No. 4910 (see Matter of Wood v Annucci, 158 AD3d at 858; Matter of Mason v Annucci, 153 AD3d 1013, 1014 [2017]; Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]). To the extent that petitioner's remaining contentions are properly before us, they are without merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.