Matter of Nix v Venettozzi (2021 NY Slip Op 04395)





Matter of Nix v Venettozzi


2021 NY Slip Op 04395


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

530854
[*1]In the Matter of Akili Nix, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:June 17, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Akili Nix, Cape Vincent, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
A search of petitioner's cube disclosed a stabbing-type weapon hidden behind a cork board and an orange paper substance found in his locker that later tested positive for buprenorphine. As a result, petitioner was charged in a misbehavior report with smuggling, possessing drugs, possessing a weapon and possessing contraband. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except smuggling. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of possessing contraband is not supported by substantial evidence and must be annulled. However, because the penalty has been served and no loss of good time was imposed, remittal of the matter for a redetermination thereof is not necessary (see Matter of Abdullah v Department of Corr. & Community Supervision, 193 AD3d 1167, 1168 [2021]).
Petitioner's challenge to the determination of guilt insofar as it found him guilty of possessing a weapon is unpersuasive.[FN1] To that end, the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the finding that he possessed a weapon (see Matter of Rodari v Venettozzi, 186 AD3d 1860, 1861 [2020]; Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]). "The fact that the weapon was found in an area within petitioner's control, even if not exclusive, supports the inference of possession" (Matter of Rodari v Venettozzi, 186 AD3d at 1861 [citations omitted]; see Matter of Dowling v Venettozzi, 177 AD3d 1063, 1063-1064 [2019], lv denied 35 NY3d 901 [2020]; Matter of Perez v Annucci, 159 AD3d 1170, 1171 [2018]). Petitioner's contention that the weapon was not his created a credibility issue for the Hearing Officer to resolve (see Matter of Dowling v Venettozzi, 177 AD3d at 1064).
Turning to petitioner's procedural claims, petitioner waived any challenge to the refusals of two inmate witnesses to testify at the hearing (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]; Matter of McMillian v Lempke, 149 AD3d 1492, 1494 [2017], appeal dismissed 30 NY3d 930 [2017]; Matter of Torres v Annucci, 144 AD3d 1289, 1290 [2016]). When the Hearing Officer inquired about the inmate witnesses requested by petitioner, petitioner responded, "Unfortunately, they refused" and petitioner did not otherwise challenge the inmates' refusals or request that the Hearing Officer ascertain the reasons for their refusals. We also find without merit petitioner's contention that he was denied [*2]the right to a fair hearing, as the record reflects that the determination of guilt flowed from the evidence presented and not from any alleged prejudicial or biased conduct on the part of the Hearing Officer (see Matter of Guadalupe v Venettozzi, 158 AD3d 883, 885 [2018]; Matter of Wigfall v Department of Corr. & Community Supervision, 153 AD3d 1464, 1466 [2017]). Petitioner's remaining contentions are either unpreserved or without merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.



Footnotes

Footnote 1: Petitioner does not challenge that part of the determination finding him guilty of possessing drugs.