Matter of Ramos v Annucci (2022 NY Slip Op 01499)





Matter of Ramos v Annucci


2022 NY Slip Op 01499


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533640
[*1]In the Matter of David Ramos, Petitioner,
v
Anthony J. Annucci, as Acting Commr. of Corr. & Community Supervision, et al., Respondents.

Calendar Date:February 4, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

David Ramos, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a random search of petitioner's cell, a correction officer discovered on the top lip of petitioner's locker an ice pick-type weapon. The weapon consisted of a sharp piece of metal with cloth wrapped around the handle and measured 4½ inches by 2 inches. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. Following a tier III disciplinary hearing, he was found guilty of the charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the hearing testimony, including the testimony of the correction officer who performed the search, provide substantial evidence supporting the determination of guilt (see Matter of Rodari v Venettozzi, 186 AD3d 1860, 1861 [2020]; Matter of Dowling v Venettozzi, 177 AD3d 1063, 1063 [2019], lv denied 35 NY3d 901 [2020]; Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]; see also 7 NYCRR 270.2 [B] [14] [i]; Matter of Freeman v Annucci, 151 AD3d 1509, 1510 [2017]). "The fact that the weapon was found in an area within petitioner's control, even if not exclusive, supports the inference of possession" (Matter of Nix v Venettozzi, 196 AD3d 933, 933 [2021] [internal quotation marks and citations omitted]), and it was petitioner's "'own responsibility to make sure that no unauthorized items were present in his cell'" (Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [2019], quoting Matter of Johnson v Barkley, 260 AD2d 882, 882-883 [1999]). Petitioner's contention that he was unaware of the weapon's presence in his cell presented a credibility issue for the Hearing Officer to resolve (see Matter of Dowling v Venettozzi, 177 AD3d at 1064; Matter of Sawyer v Annucci, 140 AD3d at 1499). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.