Matter of Belgrave v Martuscello (2025 NY Slip Op 06378)

Matter of Belgrave v Martuscello

2025 NY Slip Op 06378

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1426
[*1]In the Matter of Sylvester Belgrave, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Center on Race, Inequality and the Law, New York University School of Law, New York City (Tasleemah Tolulope Lawal of counsel), for petitioner.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violating various prison disciplinary rules, including possession of a weapon and possession of contraband. According to the misbehavior report, a correction officer discovered a "flat metal cutting type of weapon measuring approximately [one] inch in length with a ¼ inch blade" inside an empty pill bottle during a search conducted in petitioner's cube. Following a tier III disciplinary hearing, as relevant here, petitioner was found guilty of possession of a weapon and possession of contraband as charged in the misbehavior report and a penalty was imposed. After that part of the determination and the penalty were affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
The detailed misbehavior report, unusual incident report and supporting documentation, as well as the hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Dean v Martuscello, 236 AD3d 1223, 1223 [3d Dept 2025]; Matter of Leckie v Annucci, 230 AD3d 1460, 1460 [3d Dept 2024]; Matter of Chan v Annucci, 219 AD3d 1624, 1625 [3d Dept 2023], lv denied 41 NY3d 902 [2024]). The fact that the weapon was found within petitioner's area of control gives rise to a reasonable inference of possession (see Matter of Rodari v Venettozzi, 186 AD3d 1860, 1861 [3d Dept 2020]; Matter of Dowling v Venettozzi, 177 AD3d 1063, 1063-1064 [3d Dept 2019], lv denied 35 NY3d 901 [2020]; Matter of Wood v Annucci, 158 AD3d 856, 857 [3d Dept 2018]).
Turning to petitioner's procedural claims, we reject the contention that petitioner was improperly denied access at the hearing to the physical evidence in question. The misbehavior report, with related documentation, and testimony adduced at the hearing detailed the characteristics of the weapon, while a photograph supported the described features (see Matter of Young v Rodriguez, 165 AD3d 1338, 1339 [3d Dept 2018]; Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d 879, 879 [3d Dept 2003]; see also Matter of Dean v Martuscello, 236 AD3d at 1224). There is no merit to the contention that the Hearing Officer's decision to personally view the weapon outside of petitioner's presence was impermissible (see Matter of Steward v Selsky, 266 AD2d 605, 606 [3d Dept 1999]; see also Matter of Bunting v Goord, 25 AD3d 845, 846 [3d Dept 2006]). Contrary to petitioner's contention, the chain of custody of the weapon was appropriately established through the hearing testimony, misbehavior report and related documentation (see Matter of Moorer v Annucci, 230 AD3d 1454, 1456 [3d Dept 2024], lv dismissed & denied 42 NY3d 1093 [2025]; Matter of Smith v Annucci, 207 AD3d 979, 980 [3d Dept 2022[*2]]).
Petitioner also argues that he was improperly denied the opportunity to observe the cell search in violation of Department of Corrections and Community Supervision Directive No. 4910. As the record contains conflicting testimony about whether petitioner was offered the opportunity to observe the search, the same was rendered a credibility issue for the Hearing Officer to resolve (see Matter of Alston v Annucci, 153 AD3d 981, 982 [3d Dept 2017]; Matter of Garcia v Garner, 122 AD3d 988, 989 [3d Dept 2014]; Matter of Green v Taylor, 108 AD3d 960, 961 [3d Dept 2013]).
To the extent that petitioner claims that the misbehavior report was written in retaliation for ongoing conflicts with several correction officers, this too created a credibility issue (see Matter of Cato v Martuscello, 232 AD3d 1191, 1192 [3d Dept 2024]; Matter of Peters v Annucci, 227 AD3d 1312, 1313 [3d Dept 2024]). We are unpersuaded that petitioner was improperly denied his request to call his Office of Mental Health counselor as a witness to corroborate his retaliation claim. As indicated in the record, the counselor refused to testify (see Matter of Tafari v Fischer, 93 AD3d 1054, 1054 [3d Dept 2012], lv dismissed 19 NY3d 1007 [2012]) and, in any event, did not have firsthand knowledge of the incident (see Matter of Carzoglio v Annucci, 216 AD3d 1272, 1273 [3d Dept 2023]; Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [3d Dept 2018]). Further, "[t]he Hearing Officer's failure to provide petitioner with a written explanation for the denial of the[ ] witness[ ] does not require annulment as the reason for the denial is expressly stated in the record" (Matter of Pierre v Annucci, 219 AD3d 990, 991 [3d Dept 2023] [internal quotations marks and citations omitted]; see Matter of Davis v Prack, 95 AD3d 1574, 1575 [3d Dept 2012], lv denied 19 NY3d 812 [2012]).
Petitioner's remaining arguments, to the extent not specifically addressed, are either unpreserved or have been found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.